IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00401-BNB

WILLIAM A. MAUNZ,

      Applicant,

v.

DENVER DISTRICT CT., Court Rm. 4H,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, William A. Maunz, is an inmate at the Denver Detention Center in Denver, Colorado.  Mr. Maunz has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asking the Court to intervene in his pending state court criminal case.  The Court must construe the application liberally because Mr. Maunz is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied and the action will be dismissed.

      Mr. Maunz primarily complains in the application that his constitutional right to a speedy trial has been violated because the state court judge presiding over his criminal case has ordered a third competency evaluation.  Mr. Maunz contends that he has been found competent to proceed twice previously and that the state court judge acted illegally by ordering a third competency evaluation on her own motion.  Mr. Maunz also

has submitted copies of motions he has filed in the trial court alleging ineffective assistance of counsel, but he does not appear to be asserting the ineffective assistance of counsel claims in this action.  As relief Mr. Maunz seeks dismissal of the pending criminal charges and to be released from custody.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Maunz alleges that the charges remain pending against him in state court.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third condition, Mr. Maunz fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.  Mr. Maunz does allege that he has raised his speedy trial claim in the Colorado Supreme Court in a January 2012 motion to dismiss the criminal charges pending against him, but it is not clear what action the Colorado Supreme Court may have taken.  However, even assuming the motion was properly filed in the Colorado Supreme Court and has been denied, the fact

that Mr. Maunz has not obtained the relief he seeks in state court does not mean that he has not had, or does not have, an adequate opportunity to present his federal claims in the state court proceedings.

Mr. Maunz "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).   However, the fact that Mr. Maunz will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*. It is Mr. Maunz's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Mr. Maunz fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success.  He also fails to demonstrate any improper motivation for the charges.  Finally, there is no indication that the criminal case against Mr. Maunz has been conducted in such a way as to constitute harassment or an

3

abuse of prosecutorial discretion.  Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, the instant action will be dismissed because Mr. Maunz fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings.  If Mr. Maunz ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the application is denied and the action is dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that the motion to stay (ECF No. 3) filed on February 15, 2012, is denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this _23rd_ day of ____February____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court